23-201-cv
*Max v. Kaplan*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-four.

Present:

> AMALYA L. KEARSE,
> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

LIBRA MAX,

> *Plaintiff-Appellant,*

v.                                                                23-201-cv

DEBORAH KAPLAN, Deputy Chief Administrative Judge of the New York City Courts, in her official and personal capacity,

> *Defendant-Appellee.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | ANDREW G. CELLI, JR. (Debra L. Greenberger, Sana Mayat, *on the brief*), Emery Celli Brinckerhoff Abady Ward & Maazel, LLP, New York, NY |
| For Defendant-Appellee: | ANAGHA SUNDARARAJAN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Ester Murdukhayeva, Deputy Solicitor General, Daniel S. Magy, Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the |

State of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Libra Max appeals from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *District Judge*), entered on February 14, 2023, granting Defendant-Appellee Deputy Chief Administrative Judge of the New York City Courts Deborah Kaplan's motion to dismiss Max's complaint. Max sued Kaplan pursuant to 42 U.S.C. § 1983, alleging that Kaplan violated Max's due process rights under the Fourteenth Amendment by actively permitting or otherwise failing to prevent an allegedly common practice among New York state guardianship judges of engaging in *ex parte* communications with court-appointed guardians during contested proceedings. Max sought declaratory, injunctive, and monetary relief, including a federal injunction requiring Kaplan "to promulgate administrative policy prohibiting litigants and judges from engaging in *ex parte* communications in contested matters." J. App'x at 55. The district court dismissed Max's complaint on both standing and abstention grounds, and Max appealed. We assume the parties' familiarity with the case.

"A motion to dismiss for lack of Article III standing challenges the subject-matter jurisdiction of a federal court and, accordingly, is properly brought under [Federal Rule of Civil Procedure] 12(b)(1)," as Kaplan did here. *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020).[1] Kaplan "brought a facial—as opposed to a fact-based—standing challenge under Rule

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

12(b)(1) because [her] motion was based solely on the allegations of the complaint." *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 140 (2d Cir. 2021). "We review the district court's decision on such a facial challenge *de novo*," accepting as true all material factual allegations in the complaint and drawing all reasonable inferences in Max's favor. *Id.* Max "has no evidentiary burden when confronted with a facial standing challenge." *Id.*

We agree with the district court that Max lacks standing to bring suit against Kaplan. To satisfy the requirements of Article III standing, "the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *SM Kids*, 963 F.3d at 211. And to establish traceability, "there must be a causal connection between the injury and the conduct complained of." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In other words, the injury cannot be "the result of the independent action of some third party not before the court." *Id.* Max argues that she suffered an injury in fact, namely that judges in her father's guardianship proceedings have engaged in *ex parte* communications with his guardian. Assuming (without deciding) that such communications constitute an injury in fact, we conclude that any such injury is not fairly traceable to any act or omission by Kaplan.

Max argues that her injury is traceable to Kaplan because four New York guardianship judges before whom Max had a dispute with her father's guardian "engaged in *ex parte* communications pursuant to established court practice or custom and consistent with guidance and instructions," and Kaplan has authority over such court practices. Appellant's Br. at 28. But Max's allegations with respect to Kaplan's alleged actions are vague and conclusory. The complaint pleads no facts demonstrating that Kaplan has affirmatively established a court practice, policy, or custom, or promulgated any guidance, instruction, or advice, permitting guardianship

3

judges to engage in *ex parte* communications in adversarial proceedings—in other words, the complaint utterly fails to provide any basis for concluding that the state guardianship judges' alleged practices are fairly traceable to anything Kaplan has actually done. As for Kaplan's alleged inaction—in failing to promulgate any state-court policy to bar the challenged practice—the complaint similarly fails. That is because Max argues that *ex parte* communications are already prohibited by New York law. *See* J. App'x at 41–42, ¶ 33 & n.8 (citing and quoting N.Y. Comp. Codes R. & Regs. tit. 22, § 100.3(B)(6)); *see also id.* at 43, ¶ 36 & n.9. Indeed, the crux of Max's claim is that such communications also violate the Fourteenth Amendment. In light of Max's claim that state guardianship judges are allegedly disobeying (or misconstruing) constitutional and judicial rules that bar *ex parte* communications, there is no basis for concluding that the judges' actions are fairly traceable to the absence of a state trial-court policy that re-states those constitutional and judicial rules. To the contrary, based on these allegations, we can only conclude that Max's alleged injury is the result of each guardianship judge's "independent action." *Lujan*, 504 U.S. at 560.

In sum, Max's alleged injury cannot be said to be fairly traceable to Kaplan's alleged acts or omissions, and she therefore lacks Article III standing to bring this suit against Kaplan. Because Max lacks standing, we need not address Max's other claims of error in the district court's decision.

\* \* \*

4

For the reasons stated above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk